UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALICIA HODGE,
                    Plaintiff,

v.                                          Case No: 6:21-cv-1839-ACC-DAB

ACOUSTI ENGINEERING
COMPANY OF FLORIDA,
                    Defendant
_____

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT RENEWED MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. 31)** |
| **FILED:** | **August 30, 2022** |

THEREON it is RECOMMENDED that the Motion be GRANTED.

I.      BACKGROUND

On November 3, 2021, Plaintiff Alicia Hodge filed suit against Defendant Acousti Engineering Company of Florida ("Acousti") for unpaid overtime under the Fair Labor Standards Act ("FLSA"). Doc. 1. Plaintiff alleges that she worked for Acousti as a Collections Manager from December 9, 2019, to February 26, 2021.

Doc. 19. Acousti answered the Complaint on January 14, 2022, asserting that Plaintiff was paid in accordance with the FLSA's fluctuating work-week pay model. Doc. 15.

The parties reached a settlement and filed a motion seeking approval on July 14, 2022 (Doc. 27), which was denied because the FLSA settlement was arguably contingent on a general settlement and release. Doc. 28. On August 30, 2022, the parties filed a Renewed Motion for Approval attaching the revised FLSA Settlement Agreement with amended language to "make clear [] the parties' intention that the FLSA settlement agreement is not contingent upon agreement to the general release, or any other provision, contained within the Non-FLSA Settlement Agreement." Doc. 31 at 3.

The parties' revised Settlement Agreement reflects that Acousti will pay Plaintiff $3,000 in overtime wages and $3,000 in liquidated damages. Doc. 31-1 at 3. Plaintiff will also receive $1,000 pursuant to a Non-FLSA Settlement Agreement. *Id.* Plaintiff's counsel will receive $8,000 in attorney's fees. *Id.*

## II.   STANDARD OF REVIEW

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section

> 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

679 F.2d 350, 1352-53 (11th Cir. 1982). Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.; see also Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-PCF-DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1)    the existence of collusion behind the settlement;
(2)    the complexity, expense, and likely duration of the litigation;
(3)    the stage of the proceedings and the amount of discovery completed;
(4)    the probability of plaintiff's success on the merits;
(5)    the range of possible recovery; and

(6)     the opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc*., No. 6:05-cv-592-ACC-JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

The parties may demonstrate the reasonableness of attorney's fees and costs as set forth in *Bonetti v. Embarq Management Co*., 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

---

[1] *See Bonner v. City of Prichard, Ala*., 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit).

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

## III.   ANALYSIS

### A.   Settlement Amount

This case involves disputed issues of FLSA liability, which constitutes a bona fide dispute. Doc. 31 at 3; Docs. 1, 15. The parties are represented by independent counsel. Doc. 31 at 3. Under the Agreement, Plaintiff is receiving $3,000.00 in unpaid wages and $3,000.00 in liquidated damages, as well as $1,000 pursuant to a Non-FLSA Settlement Agreement.[2] Doc. 31-1 at 3. In her response to the Court-ordered interrogatories, Plaintiff indicated that her "regular rate of pay" was $54,000/year (*i.e.*, $25.96/hour); she worked an average of 8 hours of overtime a week from December 9, 2019 through February 26, 2021 (64 weeks); and the difference in pay Plaintiff should have

---

[2]  The Non-FLSA Agreement is mentioned in the FLSA agreement, but the FLSA Agreement is not contingent on its execution. It is not provided because it is a separate agreement. Doc. 31 at 8 ("The settlement of Plaintiff's wage claims was not contingent on Plaintiff's agreement to settle any other claims. With respect to any non-wage claims, the Parties' have entered into a separately negotiated confidential General Agreement, whose terms do not affect the Parties' FLSA Agreement and which is not contingent upon the Court's approval of the Parties' FLSA settlement, and vice versa.").

been paid was $17,468.02. *Id*. Acousti argued that Plaintiff's asserted damages did not account for payments it had made to Plaintiff at a half-time rate for hours over forty in a week pursuant to the FLSA's fluctuating work-week pay model. *See* 29 C.F.R. § 778.114. Acousti argued that it had paid Plaintiff $6,252 in overtime pay between December 9, 2019 through February 26, 2021.

Because Plaintiff is receiving less than the amount she claimed plus an equal amount of liquidated damages, she may have compromised her claim under the FLSA. *See Caseres v. Tex. de Brazil (Orlando) Corp.*, 6:13-cv-1001-RBD-KRS, 2014 WL 12617465, at *2 (M.D. Fla. April 2, 2014) ("Because [the plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of Lynn's Food Stores."). The case involves disputed issues regarding FLSA liability and the fluctuating workweek method, which constitute bona fide disputes. Doc. 31 at 3; Docs. 1, 15. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. Doc. 31 at 3.

In the Renewed Motion, the parties assert that they recognize there are significant factual questions that may arise as to Plaintiff's contention that Defendant misclassified Plaintiff (who was classified as non-exempt and paid hourly, including half-time overtime) and miscalculated Plaintiff's pay and

have evaluated, and valued, the settlement with Plaintiff, considering the facts that support or negate Plaintiff's contentions. Doc. 31 at 4. The parties agreed to a negotiated settlement of all Plaintiff's claims against Acousti, including Plaintiff's wage claims. As reflected in the parties' revised FLSA Agreement, the settlement amount to be paid to Plaintiff includes an amount for liquidated damages equal to the amount paid for back wages, as well as a separately negotiated sum for Plaintiff's attorneys' fees and costs. Doc. 31-1.

The FLSA Settlement Agreement no longer contains a clause which could be read to allow modification after it has been approved by the Court. The clauses that were problematic in the original FLSA Settlement Agreement (Doc. 27)—appearing to make the settlement contingent on receipt of the "executed Non-FLSA Agreement" (*see* Doc. 28 at 5-6)—have been omitted from the revised FLSA Agreement (Doc. 31-1).

The parties represent that, while this matter involves a bona fide dispute about Plaintiff's entitlement to damages, the FLSA Settlement Agreement were reached following weeks of negotiation by experienced wage and hour litigation counsel. Doc. 31. They also contend that the FLSA Settlement Agreement terms reflect the serious consideration of the information exchanged during settlement discussions and the Parties' recognition of the risks and costs of litigation. *Id*.

Considering the foregoing, and the strong presumption favoring settlement, Plaintiff's compromise of the amount of her claim, and the terms of the revised FLSA Agreement, settlement in this case is fair and reasonable.

**B.    Attorney's Fees and Costs**

Under the Agreement, Plaintiff's counsel will receive $8,000 in attorney's fees and costs. Doc. 31-1 at 3. The parties represent that attorney's fees and costs were negotiated separately from Plaintiff's recovery. Doc. 31 at 8. The settlement is reasonable on its face, and the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Thus, the Agreement is a fair and reasonable settlement of Plaintiff's FLSA claim. Accordingly, it is respectfully **RECOMMENDED** that the Motion (Doc. 31) be **GRANTED**.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on October 24, 2022.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record